**Juan Parrilla LOPEZ,**
**Plaintiff, Appellant,**

v.

**UNITED STATES of America,**
**Defendant, Appellee.**

No. 84–1538.

United States Court of Appeals,
First Circuit.

Argued Feb. 8, 1985.

Decided April 5, 1985.

Antonio Gonzalez Geigel, Santurce, P.R., for plaintiff, appellant.

Francisco A. Besosa, Asst. U.S. Atty., Guaynabo, P.R., with whom Daniel F. Lopez Romo, U.S. Atty., San Juan, P.R., was on brief for defendant, appellee.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and BOWNES, Circuit Judge.

COFFIN, Circuit Judge.

Appellant sued the United States under the Federal Tort Claims Act for damages stemming from an accident involving his vehicle and a vehicle driven by a U.S. Army officer. He argues on appeal that the district court erred in excluding psychiatric testimony and other evidence of mental damages at the trial, in refusing to allow a continuance after excluding the evidence as the trial was about to start, and in finding that plaintiff was 70 percent at fault and entitled to only $1,500 in damages. We conclude that the district court's decision to exclude the evidence about mental damages was based on an improper view of the facts and Federal Tort Claims Act requirements, and so we remand for further consideration of appellant's right to introduce this testimony.

I. *Factual and Procedural Background*

The accident involved in this lawsuit occurred November 16, 1977, when a U.S. Army sergeant, driving at excessive speed, crashed his vehicle into the rear end of appellant's pick-up truck. Appellant filed a

* Of the Fifth Circuit, sitting by designation.

timely claim with the United States Army, alleging $850,000 for personal injuries and $5,000 for property damage. The claim form specified the personal injuries as fractured ribs, whiplash to the neck, brain concussion, post traumatic headache, cervical sprain, contusion to the chest and multiple body bruises and contusions. When the Army failed to respond, appellant filed suit in the District Court for the District of Puerto Rico pursuant to 28 U.S.C. § 2675(a). His complaint repeated the demand for $850,000 for the same personal injuries specified in the administrative claim form, but also sought an additional $1.6 million for, *inter alia,* mental and physical incapacitation and mental anguish.

The government then moved to reduce the amount demanded in the complaint to that demanded in the administrative claim form, citing 28 U.S.C. § 2675(b):

"Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

Appellant did not oppose the motion, and so the district court granted it on May 23, 1983 ("the May 23 order"), reducing the *ad damnum* to $850,000 and giving appellant leave to amend his complaint.

Appellant took no action until he arrived for trial prepared to offer psychiatric and other testimony concerning his mental injuries. The government challenged his right to offer the evidence in light of the May 23 Order, arguing that its effect was to exclude mental damages from the case. Appellant's attorney argued that the May 23 order had only reduced the *amount* of the claim, and did not preclude a proportionate breakdown of the original $850,000 into damages for both physical and mental injuries. The court refused to allow the evi-

dence and, in its Opinion and Order after the trial, explained its decision by reference to 28 C.F.R. § 14.2(a), a regulation detailing requirements for claims filed under the Federal Tort Claims Act. Section 14.2(a) mandates that the claim contain a request for damages in a "sum certain." The court correctly pointed out that "[c]ase law uniformly holds that if a 'sum certain' ... is lacking from a purported 'claim,' 'the claim' does not constitute a claim for purposes of complying with the jurisdictional prerequisite of 28 U.S.C. §§ 2401 and 2675(a)." The court then stated that appellant's sum certain for the physical injuries claimed on his administrative form was $850,000, and so the sum certain for his other personal injury claims necessarily was zero. The court apparently concluded that since appellant failed to meet the jurisdictional requirement of specifying a sum certain for the mental damages, he was not allowed to litigate those damages in his lawsuit.

On the day of trial, the court had denied as untimely appellant's request for leave to amend the complaint under § 2675(b), the section allowing damages in excess of those claimed administratively upon a showing of newly discovered evidence. The court also denied appellant's motion for a continuance to enable him to bring in additional witnesses on the physical aspects of his injuries. A one-day trial was held, and the court ultimately ruled that much of appellant's testimony about physical injuries was unbelievable and that he suffered only $5,000 in damages. The court also found that appellant was 70 percent negligent, and so awarded him only $1,500. Appellant subsequently filed this appeal.

## II. *Discussion*

■ Congress passed the Federal Tort Claims Act in 1946 to remove the sovereign immunity of the United States in private tort actions, and amended the Act in 1966 to streamline the administrative procedures which served as prerequisites to the right to file a complaint in federal court.[1] Al-

---

1. Under the old law, claims in excess of $2,500 could not be settled until after the claimant filed

suit in federal court. As a result, the courts were clogged with suits both sides preferred to

though the legislation is a waiver of the government's traditional privilege to be free from suit, and thus must be construed strictly, *United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941), the Act was designed to accord injured parties an opportunity for recovery "as a matter of right", S.Rep. No. 1400, 79th Cong., 2d Sess. 30, 31 (1946), and the 1966 amendments were designed in part to "provid[e] for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." S.Rep. No. 1327, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S. Code Cong. & Ad.News 2515, 2516 ("Senate Report 1327"). Thus, we approach this case recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims.

■ We begin our review of the facts by noting that appellant filed an administrative claim that technically was sufficient to support a later complaint for mental injuries. Section 14.2(a) of the Attorney General's regulations states that a claim is deemed presented

"when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."

Appellant filed the proper form, and asked for the sum of $850,000 for personal injuries and $5,000 for property damage. Although appellant did not explicitly claim

"mental damages", the personal injuries he listed included brain concussion and post traumatic headache. We believe such a statement of a claim typically would put the government on notice of mental injuries, since one's immediate concern about a brain concussion would be the lasting mental effects of a blow to the head. The government, in fact, conceded at oral argument that allegation of a brain concussion is usually sufficient as a basis for a later complaint for damages for mental injuries.

The government argues that this case is different because of the way appellant drafted his complaint. In addition to the $850,000 he sought for physical injuries— the same amount he stated in the claim form—he listed a separate damages amount for mental injuries.[2] The government contends that the distinction in the complaint between mental and physical injuries reveals that the administrative claim was not intended to, and did not, cover damages for mental injuries. Therefore, when appellant neglected to amend his complaint after the May 23 order to justify the inclusion of a mental injury claim under the "newly discovered evidence" provision of § 2675(b), he failed to meet the jurisdictional requirements for seeking damages for mental injury in federal court.

■ We believe the government's focus on appellant's complaint to determine whether his claim form fulfilled the jurisdictional requirements is inapt. The government asks us to hold, in effect, that an inartfully drawn complaint can "undo" an administrative claim which otherwise sufficiently alleges mental injuries and satisfies the jurisdictional requirements. We choose not to read the jurisdictional rules so restrictively. The claims process is meant largely to furnish notice to the government sufficient to allow it to investi-

---

settle. Under the amendments, all claims must be filed with the appropriate agencies before the claimants can bring an action in federal court. To promote the settlement process, Congress empowered the Attorney General to promulgate regulations pursuant to 28 U.S.C. § 2672, the section which authorizes federal agencies to settle claims. *See* 28 C.F.R. §§ 14.1–14.11 (1982).

2. In his complaint, appellant sought $850,000 for the injuries which had been specified on the administrative claim form, $500,000 for "mental and physical incapacitation", $100,000 for "loss of revenue due to present and future incapacitation", $1 million for pain and anguish resulting from his injuries and $2,000 for property damage.

gate the alleged negligent episode to determine if settlement would be in the best interests of all. Senate Report 1327 at 3–4, *reprinted in* 1966 U.S.Code Cong. & Admin.News at 2517–18; *Warren v. U.S. Dept. of Interior Bur. of Land Man.*, 724 F.2d 776, 779 (9th Cir.1984); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.), *clarified in* 622 F.2d 197 (5th Cir.1980) (The requirements of § 2675 are met "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim."). *See generally* Note, *Claim Requirements of the Federal Tort Claims Act: Minimal Notice or Substantial Documentation?*, 81 Mich.L.Rev. 1641 (1983).

This is not a case like *Swift v. United States*, 614 F.2d 812 (1st Cir.1980), where plaintiff's counsel spurned the government's repeated requests for more information after the claim form had been filed. *Cf. Adams v. United States*, 615 F.2d 284 (5th Cir.), *clarified in* 622 F.2d 197 (5th Cir.1980). Since the government did not seek an elaboration of the claim, as in *Swift* and *Adams*, appellant's compliance with the jurisdictional requirements must stand or fall on only his original claim form. *Cf. Rooney v. United States*, 634 F.2d 1238 (9th Cir.1980) (plaintiff's original complaint stated a claim for relief based only upon medical malpractice but his administrative claim alleged injuries resulting from both a fall and subsequent medical care).[3] And, as we have noted, the government concedes that appellant's claim form was sufficient to provide notice of mental injury.

■ We believe this result is especially warranted in this case for two reasons. First, the May 23 Order gave appellant

little reason to suspect that he risked losing a claim for mental damages if he failed to amend his complaint promptly. The order is reasonably susceptible of an interpretation that it strikes from his complaint only the increased amount of damages, not the substantive claims.[4] Moreover, we believe it is of significance that appellant's claim is precisely the type Congress had in mind when it adopted the Federal Tort Claims Act. S.Rep.No. 1400, 79th Cong., 2d Sess. 30, 32 (1946) ("With the expansion of governmental activities in recent years, it becomes especially important to grant to private individuals the right to sue the Government in respect to such torts as negligence in the operation of vehicles."). Thus, we hold that in the circumstances of this case, appellant did enough to fulfill the jurisdictional requirements and to give the government notice of his claim by alleging the personal injuries detailed on the claim form.

We emphasize that "[t]his decision does not constitute a waiver of any of the Regulations as applied to [appellant's] case", *Van Fossen v. United States*, 430 F.Supp. 1017, 1024 (N.D.Cal.1977).

"A court may not exercise a general power of waiver because to do so would violate the principle that the government 'is immune from suit save as it consents to be sued.' .... Rather, this decision merely requires the government to apply Regulation [14.2(a) ] in a manner which is consistent with the congressional purpose behind the administrative procedure...."

■ Our conclusion that appellant met the jurisdictional requirements does not dispose of this case. Although we hold that mental injury is a viable issue, appel-

---

**3.** In support of its argument that appellant failed to meet the jurisdictional requirements to sue for mental damages, the government notes in its brief that he failed to make an adequate offer of proof of newly discovered evidence when given the opportunity on the day of trial. Since we find that appellant met the jurisdictional requirements on the basis of his original claim, the adequacy of his offer of proof under 28 U.S.C. § 2675(b) is irrelevant.

**4.** In fact, § 2675(b) refers only to a limitation on the amount of damages sought. It is possible that appellant failed to amend his complaint after the May 23 order only because he had concluded that he had no new facts to justify an increase in the total amount demanded but believed that the $850,000 would cover both physical and mental personal injuries.

lant's complaint at present includes no specific request for damages for the mental injuries, since the May 23 order struck the $1.6 million demand for them. Appellant attempted on the day of trial to amend the complaint, but in discussion with the attorneys before the trial started, the court indicated that it considered the day of trial too late for that proffered amendment. The court's later written opinion, however, based the exclusion of mental damages evidence solely on the "sum certain" jurisdictional barrier.

Under the circumstances we take the written reason as the sole basis for denial of the motion to amend. Were there a real possibility of inflicting serious prejudice upon the government by allowing the amendment, we might ask the court to assess the situation. But at most we are talking about the difficulty of obtaining the government's expert witness on short notice or continuance of the trial on the one hand and the foreclosing of what might possibly be most of plaintiff's opportunity to seek meaningful relief on the other.

We accordingly direct the district court on remand to allow the complaint to be amended to include mental injuries. The district court should then hold a hearing on mental injuries and, in the event plaintiff proves such injuries and damages, the court should apply the same percentage of recovery as in the physical injury aspect of the case.

As to the other issues, we cannot say it was an abuse of discretion to deny a continuance. Nor can we say that, in the absence of additional evidence, the court's findings on liability and damages leave one "with the definite and firm conviction that a mistake has been committed", *Securities and Exchange Commission v. MacDonald,* 725 F.2d 9, 11 (1st Cir.1984).

*The judgment of the district court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.*