**Peter A. KOKARAS, Diane Kokaras**

v.

**UNITED STATES of America.**

**Civ. No. 90–198–S.**

United States District Court,
D. New Hampshire.

April 23, 1992.

See also 750 F.Supp. 542.

David C. Engel, Exeter, N.H., for plaintiffs.

Elaine Lacy, Asst. U.S. Atty., Concord, N.H., for defendant.

ORDER

STAHL, District Judge.

In this civil action, plaintiffs Peter and Diane Kokaras sue the United States for damages arising out of an automobile accident involving their car and a vehicle driven by a United States Postal Service Employee. The action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, with jurisdiction being grounded upon 28 U.S.C. § 1346(b). Currently before the Court is the United States' motion to reduce *ad damnum* to amount claimed in plaintiffs' administrative claim.

---

## 1. Procedural History

The accident underlying this litigation occurred on May 8, 1987, in Seabrook, New Hampshire. On June 2, 1987, plaintiffs filed a Standard Form ("SF") 95 with the Hampton, New Hampshire, Post Office.[1] On that form, plaintiffs alleged that they had incurred property damage in the amount of $2,906.61. In the space provided for personal injury, the words "to be determined" were inscribed. Finally, the box in which the total amount of claim was to be entered was left blank. Apparently, plaintiffs attached certain documents relating to medical, property, and special damages to their SF 95.[2] Plaintiffs also evidently submitted additional documentation regarding such damages within the two-year period provided for bringing a claim. *See* 28 U.S.C. § 2401(b).[3]

In the spring of 1988, plaintiffs retained Alfred J. Cirome, Esq., to represent them in their attempt to resolve their claim against the Postal Service. Attorney Cirome and Area Accident Investigator Dumont, *see* note 2, *supra*, "had several telephonic and personal discussions ... during the course of [Attorney Cirome's] representation of Mr. and Mrs. Kokaras between the spring of 1988 and the winter of 1990 in an effort to try to settle the claims of Mr. and Mrs. Kokaras[.]" *See* Affidavit of Alfred J. Cirome at 2–3. However, no settlement agreement was reached.

On April 26, 1990, plaintiffs abandoned the administrative process[4] and initiated the instant litigation against the United States under the FTCA.[5] On August 2, 1990, the Postal Service denied plaintiffs' claim as invalid because it "does not inform us to any dollar amount being claimed." *See* August 2, 1990, Letter from United States Postal Service to Attorney Engel at 1.[6] At the time of the Postal Service's August 2, 1990, denial of plaintiffs' claim, a motion to dismiss the case for lack of subject matter jurisdiction filed by the United States had been pending for three weeks. The United States' motion was grounded upon the well-settled rule that the presentment of a written, timely claim *stating a sum certain* to the agency is a prerequisite to a federal court's jurisdiction to entertain a suit against the United States under the FTCA. *See, e.g., Corte–Real v. United States,* 949 F.2d 484, 485–86 (1st Cir.1991) (citations omitted); *see generally Adams v. United States,* 615 F.2d 284, 291–92 n. 15 (5th Cir.1980) (explaining how the courts have traveled different routes to the uniform conclusion that a claimant need have placed a dollar amount on his/her damages at the administrative level in order to maintain a civil action under the FTCA).

On November 7, 1990, this Court denied the United States' motion to dismiss. In so doing, it took note of the varying degrees of liberality with which other circuits construe the presentment requirement. *Compare, e.g., Cizek v. United States,* 953 F.2d 1232, 1234 (10th Cir.1992) (holding that motorist's filing of a state court action against a Forest Service employee was not adequate to establish sum certain where she had failed to claim damages in a sum certain on her SF 95) *with William v. United States,* 693 F.2d 555, 558 (5th Cir.1982) (holding that claim for damages in state court action could be taken together with SF 95 to meet sum certain requirement for

---

1. A reproduction of the SF 95 submitted by plaintiffs can be found in this Court's November 7, 1990, Order at p. 4.

2. There is a dispute as to whether all the documents now before the Court actually were submitted to the Postal Service. *See* Declaration of Henry Dumont, Area Accident Investigator, at 2.

3. For a detailed recitation of the administrative prerequisites for bringing a claim under the FTCA, see the Court's November 7, 1990, Order at pp. 2–4.

4. 28 U.S.C. § 2675(a) allows any person asserting a claim against a federal agency to construe

the agency's failure to make a final disposition of the claim within six months as a final denial entitling him/her to file suit under the FTCA.

5. In this action, plaintiffs are represented by David C. Engel, Esq.

6. In so doing, the Postal Service implicitly asserted that plaintiffs had not properly "presented" their claim, *see* 28 U.S.C. § 2675(a), because the claim for money damages was not stated in a "sum certain." *See* 28 C.F.R. § 14.2(a) (defining "presentation" under 28 U.S.C. § 2675).

purposes of FTCA).[7] Citing legislative history that it believed supported an expansive construction of the presentment requirement, the Court decided, under the facts of this case, that plaintiffs had sufficiently apprised Postal Service personnel of their claim for jurisdiction to attach in this action. *See* November 7, 1990, Order at 9.[8] On January 2, 1991, the Court denied the United States' motion for reconsideration of the November 7, 1990, Order.

■ On October 2, 1991, however, the First Circuit handed down its decision in *Corte–Real, supra,* 949 F.2d at 484. In that case, the court held that plaintiff's administrative claim against the General Services Administration ("GSA") stated a sum certain and was properly presented to the agency despite the fact that plaintiff had written "$100,000 plus because still treating and out of work" in the personal injury space on his SF 95. *Id.* at 486. A careful reading of *Corte–Real* compels this Court to reverse its ruling that it has subject matter jurisdiction over the instant litigation.[9]

*2. Discussion*

As noted above, *Corte–Real* involved a situation where a claimant under the FTCA used qualifying language in the personal injury space on his SF 95. More specifically, the claimant completed the amount of claim sections of his SF 95 in the following manner:

A. PROPERTY DAMAGE—"NONE"

B. PERSONAL INJURY—"$100,000 plus because still treating and out of work"

C. WRONGFUL DEATH—"NONE"

D. TOTAL—"$100,000.00"

*See id.* at 489 (claimant's SF 95 attached to opinion as Appendix A). On appeal, the First Circuit was asked to determine whether the district court had been correct in dismissing claimant's FTCA action because claimant had, in the district court's view, failed to present the appropriate administrative agency with a timely claim for a sum certain. In vacating, the *Corte–Real* court struck the qualifying language as surplusage and found that the SF 95 sufficiently presented the GSA with a sum certain claim for the district court to exercise jurisdiction over claimant's FTCA suit. *Id.* at 487–88.

Although the result in *Corte–Real* might seem to endorse a liberal approach to the presentment requirement in this jurisdiction, a careful reading of the reasoning employed reveals the inadequacy of plaintiffs' presentment in the instant action. The *Corte–Real* court began its analysis by stating its full agreement with the Government "as to the importance and absolute necessity of adherence to the sum certain requirement." *Id.* at 486. Noting that the purpose of the sum certain requirement is "to give notice to the Government 'sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all[,]'" *id.* (citations omitted), the court nevertheless reiterated its previous observation that such requirement "was 'not intended to put up a barrier of technicalities to defeat the claims of individuals wishing to sue the Government.'" *Id.* (citations omitted). The court then proceeded to a fact-based analysis which persuaded it that claimant's SF 95 "stated a sum certain with sufficient clarity to satisfy the statutory objectives of Section 2675 and the applicable regulations." *Id.*

Central to the court's conclusion that the statutory and regulatory objectives inherent in the sum certain requirement were met was the fact that claimant had stated a clear and unequivocal *total* claim to the

---

7. At the time the Court issued its Order, no particularly pertinent First Circuit authority existed on this issue.

8. The Court notes that its November 7, 1990, Order did not specifically address whether plaintiffs had indeed stated a sum certain.

9. Because the Court's subject matter jurisdiction is implicated by the holding in *Corte–Real,* the Court is obliged to raise the issue *sua sponte. See Insurance Corp. of Ireland, Ltd. v. Campagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Phillips v. General Services Admin.,* 924 F.2d 1577, 1579 (Fed.Cir.1991).

GSA. *See id.* ("Notwithstanding the inappropriate gloss in the "PERSONAL INJURY" box, plaintiff gave his *total* damages as $100,000 in the "TOTAL" box. The request for a *total* ... can most logically be understood as asking for the bottom line amount a claimant is seeking from the United States.") (emphasis in original); *see also id.* at 487 (citing with approval *Erxleben v. United States,* 668 F.2d 268 (7th Cir.1981), a case in which the court allowed claimant's FTCA action to proceed despite fact that qualifying language was used in personal injury space where definite amount was entered on SF 95 under box entitled "TOTAL"). Moreover, the court explicitly distinguished its facts from those in *Bialowas v. United States,* 443 F.2d 1047 (3d Cir.1971). *See id.* at 488. *Bialowas* involved a situation, much like the one before this Court, where a specific property damage entry was made upon the SF 95 and a medical bill was attached to the SF 95, but no total claim was indicated.

In *Bialowas,* the Third Circuit held that plaintiff had not presented the Government with a sum certain and upheld the trial court's dismissal. *Bialowas,* 443 F.2d at 1050.[10]

■ In the instant case, however, the record makes apparent that plaintiffs did not present the Government with anything resembling a total claim within two years of the accident.[11] As noted earlier, the only definite figure which was submitted to the Government was the "$2,906.61" written in the space for property damage. No figure even estimating the amount of plaintiffs' personal injuries and other damages was presented to the Postal Service.[12] Nor, obviously, was a figure characterizing plaintiffs' total damages sent to the Postal Service. As such, in light of the *Corte–Real* court's emphasis on adhering to the sum certain requirement and providing the Government with notice of at least a ballpark estimate of the *total* amount of dam-

**10.** In reaching its conclusion that the open-ended language in the personal injury box should be struck as surplusage, the court also referenced cases where the total amount claimed was accompanied by qualifying language. *See id.* (citing *Martinez v. United States,* 728 F.2d 694, 697 (5th Cir.1984) and *Adams by Adams v. United States Dep't of Housing and Urban Dev.,* 807 F.2d 318, 321 (2d Cir.1986)). In so doing, however, the First Circuit utilized language which, at minimum, causes this Court to question whether any equivocation in the total amount claimed would be viewed as permissible in this jurisdiction. *See Corte–Real,* 949 F.2d at 487 (stating, in its description of *Martinez,* that "the Fifth Circuit *went so far* as to hold that a claim for damages 'in excess of $100,000' is in reasonable compliance with the sum certain requirement" and qualifying its reliance on *Martinez, Erxleben,* and *Adams by Adams* with the statement: "We need not endorse the result in each of these cases in order to find that the present submission was adequate to meet the sum certain requirement, given, in particular, the unqualified $100,000 in the 'TOTAL' box.") (emphasis supplied).

**11.** Plaintiffs' complaint admits as much. *See* Complaint at ¶ 12 ("On June 2, 1987, pursuant to 39 CFR § 912.4 and 28 U.S.C. § 2675, Plaintiff filed an administrative claim in an undetermined sum with the Postmaster of the Hampton Branch.").

**12.** The Court notes that the medical information that allegedly was submitted to the Postal Service cannot, in this case, be viewed as providing

the requisite notice. Practically speaking, the documentation is disorganized and confusing. Indeed, careful review of those items that appear to be bills reveals that many are for identical medical services but merely were sent to plaintiffs both before and after the provider received insurance payments. At any rate, this Court would be hard pressed to come up with an accurate total of plaintiffs' relevant medical expenses based upon the documentation before it.

Even if it were able to generate an accurate number from the records before it, however, the Court finds that such number would deviate so substantially from the true nature of plaintiffs' claim (*i.e.* the $500,000.00 sought in the complaint) that it would not have adequately apprised the Postal Service of the amount plaintiffs were seeking. *Cf. Cizek,* 953 F.2d at 1234 (noting that the wide disparity between the amount sought in timely request for reimbursement by claimant's insurer and the amount eventually requested by claimant in untimely attorney's letter provides basis for rejecting claimant's argument that the requested reimbursement should satisfy the sum certain requirement); *Bradley v. United States by Veterans Admin.,* 951 F.2d 268, 271 (10th Cir.1991) (indicating that the wide variation between the qualified amount claimed in a timely sent attorney's letter and the amount eventually requested in an untimely SF 95 undermined claimant's argument that the figure in the attorney's letter adequately apprised the Government of the amount claimant was seeking).

ages being claimed, the Court finds that it lacks the jurisdiction to entertain plaintiffs' claim under the FTCA.[13]

*3. Conclusion*

For the reasons herein stated, the Court finds that plaintiffs did not present the Postal Service with a total claim of damages in a sum certain. Accordingly, the Court must reverse its previous ruling and dismiss this action for lack of subject matter jurisdiction. *See* Rule 12(b)(1), Fed. R.Civ.P. In making this ruling, however, the Court feels obliged to make certain observations. First, the Court regrets that the SF 95 in use at the time plaintiffs filed their claim did not explicitly emphasize the importance of meeting the sum certain requirement. Second, the Court can only express its disappointment that apparently neither the Postal Service investigator with whom plaintiffs sought to resolve their claim nor the attorney plaintiffs initially retained was adequately aware of the deficiency of plaintiffs' SF 95 and/or the requirements of the FTCA.[14] Nonetheless, the Court cannot act where it does not have jurisdiction, and lawmakers have determined that the policies underlying the sum certain requirement are important enough to warrant making the requirement a jurisdictional prerequisite. Thus, this Court simply cannot reach the merits of plaintiffs' claim.

Obviously, defendant United States' motion to reduce *ad damnum* to amount claimed in plaintiffs' administrative claim [document no. 21] is mooted by operation of this Order.

SO ORDERED.

---

**13.** The Court's conclusion is supported by the fact that the record is devoid of even an allegation that a particular total claim, in a sum certain, had been implicitly presented to the Postal Service.

**14.** The Court can only assume that if the Postal Service investigator had been aware of plaintiffs' failure to state a sum certain and the ramifications thereof, fundamental fairness would have dictated that he apprise plaintiffs of this problem.