USCA1 Opinion

 

 November 23, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1616 PETER A. KOKARAS AND DIANE KOKARAS, Plaintiffs, Appellants, v. UNITED STATES OF AMERICA, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Norman H. Stahl, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Brown,* Senior Circuit Judge, ____________________ Bownes, Senior Circuit Judge. ____________________ ____________________ David C. Engel with whom Engel and Gearreald were on _______________ ___________________ brief for appellant. Elaine Marzetta Lacy, Assistant United States ________________________ Attorney, with whom Jeffrey R. Howard, United States ___________________ Attorney, was on brief for appellee. ____________________ ____________________ ____________________ *of the Fifth Circuit, sitting by designation. BOWNES, Senior Circuit Judge. This is an appeal by ____________________ plaintiffs-appellants Peter A. Kokaras and Diane Kokaras, spouses, from a dismissal of their complaint, brought under the Federal Torts Claims Act (FTCA) for lack of subject matter jurisdiction because of the failure to file a sum- certain claim within the prescribed statutory period. I I On May 8, 1987, plaintiffs sustained personal injury to themselves and damage to their automobile when it was struck in the rear by a United States mail truck. On June 2, 1987, plaintiffs filed a Standard Form (SF) 95 with the Postmaster at the United States Post Office in Hampton, New Hampshire. On line 10, entitled "Amount of Claim (in Dollars)," the figure $2,906.61 was inserted in box A, entitled, "Property Damage"; in box B, entitled, "Personal Injury," the words "to be determined" were written. Box C entitled, "Total," was left blank.1 Line 15, entitled, "Signature of Claimant," was signed only by Peter Kokaras. Plaintiffs were not represented by counsel at the time the SF 95 was executed and filed. In the spring of 1988, plaintiffs retained Attorney Alfred J. Cirome to represent them. This was well within the ____________________ 1Box C, entitled, "Wrongful death" was also left blank. It appears that plaintiffs submitted property damage documentation and some medical documentation with the original form. -2- two-year statutory period for filing a tort claim with the Postal Service. 28 U.S.C. 2401(b). No amended SF 95 was filed within the two-year period. Attorney Cirome entered into discussions, both in person and on the telephone, with agents of the Postal Service in an effort to settle plaintiffs' claim. The settlement negotiations were not fruitful. During the course of the settlement discussions, Attorney Cirome turned over to the Postal Service's agents medical bills incurred by the plaintiffs along with medical diagnoses and prognoses concerning plaintiffs' injuries. Based on the record, it appears that no sum-certain demand was made either orally or in writing by Attorney Cirome. New counsel was obtained by plaintiffs,2 and on April 26, 1990, suit was brought against the United States under the Federal Torts Claims Act. 28 U.S.C. 2671-2680. The Postal Service denied plaintiffs' claim on August 2, 1990, on the ground that it was invalid, stating that "it does not inform us to [sic] any dollar amount being claimed." Three weeks prior to the Postal Service's denial of plaintiffs' claim, the United States had filed a motion to dismiss for lack of subject matter jurisdiction. The motion was predicated on the well-established rule that a timely- ____________________ 2Attorney David C. Engel represented plaintiffs below and on appeal. -3- filed sum-certain claim is a prerequisite for jurisdiction of a tort action against the United States.3 The district court initially denied the motion to dismiss. The district judge, however, changed his mind after our decision in Corte- ______ Real v. United States, 949 F.2d 484 (1st Cir. 1991). ____ _____________ II II We start our legal analysis with Corte-Real. In that __________ case we held that the administrative claim stated a sum certain even though the personal injury box, section 10B of the SF 95, was filled out as follows: "$100,000 plus because still treating and out of work." Id. at 486. Plaintiff had ___ completed the "Total" box, section 10D, by writing in the figure "$100,000," without qualification. Id. at 485. We ___ held that "[w]here as here a claim clearly states a specific sum and meets the sum certain requirement in all respects but for concern over the possible detraction of improper ____________________ 3The Federal Code of Regulations provides in pertinent part: 14.2 Administrative claim; when 14.2 Administrative claim; when presented. presented. (a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a _____________________________________________ sum certain for injury to or loss of ____________ property, personal injury, or death alleged to have occurred by reason of the incident; . . . . 28 C.F.R. 14.2 (1991) (emphasis added). -4- surplusage of this insubstantial variety, we see no reason not to strike the surplusage rather than the claim itself." Id. at 587. The following language reflects our reasoning: ___ We agree fully with the Government as to the importance and absolute necessity of adherence to the sum certain requirement. We disagree, however, that plaintiff's SF95, as submitted, was so deficient as to fall outside the parameters of that requirement. The SF95 did, in fact, specify a sum certain $100,000 in both boxes, and this figure was unqualified in the box stating the total amount of the claim. To be sure, when the $100,000 appeared in Section 10(B) it was unfortunately accompanied by language suggesting the possibility of a higher claim. The Government was entitled and indeed required, if it was to proceed with the claim, to disregard this. We think it should have done so. To throw out the claim entirely, as other than one for a sum certain, was, on these facts, bureaucratic overkill. Id. at 486. ___ With respect to the personal injury claim, however, the case before us is not one of "bureaucratic overkill." Nowhere on form SF 95 is a sum certain for the personal injuries stated. Moreover, we agree with the district court that any documentation of personal injury submitted was "disorganized and confusing." Some of the bills submitted are duplicates, others are incomplete, and others reflect the balance due after insurance payments. This presentation did not lend itself to determination of a sum certain or even an approximate total of damages claimed. -5- Although negotiations ensued between plaintiffs' attorney and agents of the Postal Service, there is no evidence in the record that a sum certain was ever stated orally or in writing by plaintiffs' attorney. Moreover, the affidavits of Attorney Cirome and Postal Agent Dumont are in conflict. Cirome states that Dumont represented to him on more than one occasion, including on May 5, 1989, at which time Cirome attests he submitted medical reports and bills, that the plaintiffs' claims had been satisfactorily presented. Postal Service Agent Dumont states, by contrast, that he never advised the plaintiffs or their representative that the claims were satisfactorily presented. More importantly, Agent Dumont attests: Plaintiffs' August 7, 1990 submission to the court includes numerous documents which the plaintiffs never submitted to the Postal Service with their administrative claim. These new documents were provided to the Postal Service for the first time on August 29, 1990. Because the accident happened on May 8, 1987, any bills submitted to the Postal Service in 1990 would be well beyond the two-year limit for filing administrative claims. This court has consistently held that a timely- presented claim stating a sum certain is necessary for a court to have jurisdiction to entertain a suit against the United States under the FTCA. Corte-Real v. United States, __________ _____________ 949 F.2d at 485-86; Gonzalez-Bernal v. United States, 907 _______________ _____________ -6- F.2d 246, 248 (1st Cir. 1990); Lopez v. United States, 758 _____ _____________ F.2d 806, 809 (1st Cir. 1985). The rule is the same in other circuits. Cizek v. United States, 953 F.2d 1232, 1234 (10th _____ _____________ Cir. 1992); Adkins v. United States, 896 F.2d 1324, 1325 ______ ______________ (11th Cir. 1990); Montoya v. United States, 841 F.2d 102, 105 _______ _____________ (5th Cir. 1988); GAF Corp. v. United States, 818 F.2d 901, _________ _____________ 919 (D.C. Cir. 1987); Erxleben v. United States, 668 F.2d ________ _____________ 268, 272 (7th Cir. 1981); Caton v. United States, 495 F.2d _____ ______________ 635, 638 (9th Cir. 1974); Bialowas v. United States, 443 F.2d ________ _____________ 1047, 1049 (3rd Cir. 1971). The Fifth Circuit has taken a broad view as to what constitutes the statement of a sum certain. In Molinar v. _______ United States, 515 F.2d 246, 249 (5th Cir. 1975), it held _____________ that the total bills submitted fulfilled the sum-certain requirement. And in Williams v. United States, 693 F.2d 555, ________ _____________ 558 (5th Cir. 1982), it held that the itemized claim for damages as set forth in the state court complaint would be taken together with the administrative claim form to meet the notice requirements of the FTCA. But even if we followed the lead of the Fifth Circuit in regard to the personal injuries claim, not enough medical information was timely submitted to come anywhere near meeting the sum-certain jurisdictional requirement. The personal injuries claims submitted by plaintiffs can be characterized as the Tenth Circuit did in Cizek v. United States, in which the plaintiff/appellant _____ _____________ -7- did not present a claim containing a statement of a sum certain of the damages sought, which would have allowed the government to make even a reasonable estimate of the value of [his] claim, until after the limitations period had run. 953 F.2d at 1234. We hold that the district court did not have jurisdiction to entertain the plaintiffs' personal injury claims. It does not necessarily follow, however, that the extinguishment of the personal injury claims also erases the property damage claim. We believe that the plaintiffs' property damage claim is severable and that plaintiffs satisfactorily presented a sum certain with respect to their property damage claim. At the time they originally filed their SF 95, plaintiffs set forth the specific sum of $2,906.61 in the box entitled, "Property Damage." Accompanying the SF 95 was a corroborating repair estimate. Although the repair estimate was somewhat lower than the sum certain stated, it included the name and address of the company which made the estimate. This information was sufficient for purposes of investigation. Unlike the personal injury claim, the government had the information it needed to assess plaintiffs' property claim from the date plaintiffs filed their SF 95 form. Moreover, we note that prior to the district court's issuance of its opinion, the government had moved "to reduce the ad damnum claimed in this __ ______ action from $500,000 to the amount set forth in the -8- administrative claim of $2,906.61." This was a tacit admission by the government that the property damage claim met the sum-certain jurisdictional requirement. We believe that the district court went too far in discarding the property damage claim along with the personal injury claim. Our decision in Corte-Real supports saving a __________ claim that is flawed, where the government's investigatory needs are satisfied. Indeed, dismissing plaintiffs' certain and unwavering claim for property damages would be indulging the same type of "bureaucratic overkill" that we criticized in Corte-Real. Because the sum-certain requirement was met __________ for the property damage claim, we hold that plaintiffs are entitled to proceed on that claim. The limit on recovery, if there is one, is the amount stated, $2,906.61. Affirmed in part, reversed in part. Remanded for _____________________________________________________ further proceedings consistent with this opinion. _________________________________________________ No costs to either party. ________________________ -9-