Barbara COSKA, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

No. 96–2245.

United States Court of Appeals, First Circuit.

Heard May 9, 1997.

Decided May 29, 1997.

---

John B. Manning, with whom Curtin, Murphy & O'Reilly, P.C., Boston, MA, was on brief, for plaintiff, appellant.

Mary Elizabeth Carmody, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, Boston, MA, was on brief, for defendant, appellee.

Before TORRUELLA, Chief Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

Plaintiff-appellant Barbara Coska brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, for injuries she sustained in a slip-and-fall accident on government property. Holding that Coska failed to make a proper demand for a "sum certain" against the United States within the prescribed two-year limitations period, the United States district court dismissed the action for lack of subject matter jurisdiction and, in the alternative, granted the defendant's motion for summary judgment. We affirm.

## I.

■ Our review of the allowance of the motions to dismiss and for summary judgment is *de novo*. *See Borschow Hosp. & Med. Supplies, Inc. v. Cesar Castillo, Inc.*, 96 F.3d 10, 14 (1st Cir.1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995). We recount the facts in the light most favorable to Coska. *See Borschow Hosp. & Med. Supplies*, 96 F.3d at 14; *Murphy*, 45 F.3d at 522.

On March 15, 1993, Coska slipped and fell while walking on an ice and snow-covered sidewalk in front of the building where she worked at 386 West Broadway, South Boston, Massachusetts. Coska alleges that she suffered injuries, including a fractured ankle, as a result of the fall.

At the time of the accident, the property was owned by the United States through the United States Marshals Service. The Marshals Service had entered into a management contract with Barlou Management Company which required Barlou to maintain the property and held Barlou responsible for removing any snow or debris from the parking area, sidewalks, and entrances to the premises. Barlou then contracted with another company, Kevin Sutherland Landscaping ("Sutherland"), to handle the actual removal of any snow and debris.

On April 13, 1993, Coska's counsel sent letters to the Marshals Service and to Barlou Management regarding Coska's accident at

386 West Broadway. In relevant part, the letter to the United States stated:

> Please be advised that we represent Ms. Barbara Coska, who received personal injuries as a result of a slip and fall accident, caused by the failure to adequately clear the accumulation of snow and ice from the sidewalk located in front of 386 West Broadway.... Ms. Coska sustained a fractured ankle (fractured in three places), and is currently in an ankle to hip length cast; she may require surgery in the future. A claim for her damages resulting from this accident is hereby made.

The letter to Barlou employed the same language but explicitly attributed the failure to clear the snow and ice from the sidewalk to the Barlou Management Company.[1] Neither letter set forth the amount of damages being claimed.

The Marshals Service responded to Coska's counsel by letter dated June 7, 1993, advising her that a claimant must submit a claim for damages in a "sum certain" for any injury allegedly caused by the incident before the agency could administratively adjudicate her claim for monetary damages. The letter enclosed a Standard Form 95 (Claim for Injury, Damage, or Death) (hereinafter "SF–95") and stated that the form should be completed and returned along with all information and documentation substantiating the claim. Coska never returned the requested form.

Thirteen months later, Barlou, but not Coska, forwarded to the United States the "demand packet" it had earlier received from Coska's counsel.[2] The 118–page packet, dated June 21, 1994, contained relevant information regarding Coska's claim against Barlou, including a demand against Barlou in the amount of $225,000. The letter included in the packet stated that Barlou's failure to clear the entrances and sidewalks adjacent to 386 West Broadway was "the *sole and proxi-*

*mate cause* of the plaintiff's accident." (emphasis added). The letter contained no assertion of liability against, or even mention of, the United States or the Marshals Service. At this point, Coska's counsel had yet to contact the United States in response to its request for documentation of the claim and/or the SF–95.

Five more months passed with no word from Coska. On December 12, 1994, the Marshals Service sent a second letter to Coska's counsel. This letter "acknowledge[d] receipt" of the claim, stated that "[i]n this regard, the Federal Tort Claims [sic] was received by the agency to administratively adjudicate the claim," and then cited to the FTCA.

In its first communication with the government since Coska's initial letter sent almost two years earlier, the law firm representing Coska sent a letter to the Marshals Service dated February 14, 1995, informing the government that new attorneys from the same firm would be handling the case. Counsel also asked in this letter whether the claim satisfied the notice requirements of 28 U.S.C. § 2401 and the procedural requirements of the FTCA. For reasons not disclosed by the record, counsel enclosed a second copy of the demand packet sent to Barlou "in the event that [the United States was] missing any information [required] to fully evaluate the claim" and urged the government to contact them if it needed any additional information.

About a month later, the Marshals Service did just that. A paralegal assigned to the case called Coska's counsel and requested a demand for a sum certain.[3] In response, Coska's counsel claimed that they were waiting for additional medical bills beyond those set out in the demand packet to Barlou. The paralegal then sent another SF–95 to Coska's counsel, which was never returned.

---

1. That letter stated in relevant part: "Coska ... received personal injuries as a result of a slip and fall accident, *caused by Barlou Management Co.'s* failure to adequately clear the accumulation of snow and ice from the sidewalk ....'' (emphasis added).

2. The record is unclear as to whether Barlou sent the packet on its own initiative or whether the United States requested it. Regardless, it was not sent by Coska's counsel.

3. The call was either placed in late March before the statute of limitations had run or in early April just after the period expired.

The United States sent a third letter to Coska's counsel on June 20, 1995, requesting a demand for a sum certain and including yet another SF–95 form. The Marshals Service apparently denied the claim by letter dated September 15, 1995, having received no response to these requests. Coska says she did not receive the letter.

On December 18, 1995, Coska brought suit against the United States alleging negligence, breach of contract, and breach of warranty of habitability.[4] The United States filed a motion to dismiss and, in the alternative, a motion for summary judgment. The district court granted the motion to dismiss, alternatively characterizing it as a grant of summary judgment.

## II.

As the recitation of facts demonstrates, before the expiration of the limitations period, the United States had made one or two specific requests for a sum certain from Coska and had sent her at least one SF–95 form to complete. More requests (with accompanying SF–95 forms) were made later. The issue on appeal is whether Coska's two letters to the government and the copy of the Barlou demand packet included in the second of those letters constitute a notice of claim against the United States for a sum certain under the FTCA. We find that they do not.

■ Under the FTCA, a tort claim against the United States is barred unless it is "properly presented" to the agency within two years of its accrual. *See* 28 U.S.C. § 2401(b); *Corte–Real v. United States*, 949 F.2d 484, 485 (1st Cir.1991). An administra-

tive claim is properly presented when it includes, among other things, a claim for money damages in a sum certain. *See* 28 C.F.R. § 14.2(a);[5] *Corte–Real*, 949 F.2d at 485. A timely filed sum certain claim is a jurisdictional prerequisite for a tort action against the federal government. *Kokaras v. United States*, 980 F.2d 20, 22 (1st Cir.1992) (citing cases).

■ The purpose of the sum certain requirement goes beyond mere administrative convenience; it is to apprise the government of its possible liability and to provide the government with notice "sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all." *Corte–Real*, 949 F.2d at 486 (quoting *Lopez v. United States*, 758 F.2d 806, 809 (1st Cir.1985)). Coska's letter, which incorporated by reference the Barlou demand packet, failed to achieve this objective. That packet contained no information about the liability of the United States nor did it state the amount of damages it would seek from the United States. Indeed, by its own terms, the packet asserted a claim that *Barlou* was solely liable. As the district court observed, the demand packet against Barlou "is not an appropriate substitute." In none of the cases Coska cites, where this court has allowed a claim to proceed despite a dispute over the fulfillment of the sum certain requirement, had the plaintiff completely failed to assert explicitly a damage amount against the United States. *See, e.g., Kokaras*, 980 F.2d at 23; *Corte–Real*, 949 F.2d at 486–87; *Lopez*, 758 F.2d 806–11; *cf. Santiago–Ramirez v. Secretary of the Dep't of Defense*, 984 F.2d at 17–20 (1st Cir.1993).[6]

---

4. Similar claims were brought against Barlou. The United States filed a cross-claim against Barlou, who in turn filed a third party complaint against Sutherland (snow removal contractor).

5. 28 C.F.R. § 14.2(a) provides in pertinent part:
   For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. . . .

6. Coska's reliance on the Ninth Circuit's decision in *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 615–16 (9th Cir.1978) is also misplaced. That case supports the notion that incorporation by reference can, on certain facts, satisfy the jurisdictional requirement of presenting an administrative claim. The Ninth Circuit found that the sum certain requirement had not been met because neither the incorporating nor the incorporated documents set forth a sum certain claim of damages explicitly applicable to the claimant(s). *See House*, 573 F.2d at 615–16, *overruled on other grounds by Warren v. United States Dep't of the Interior*, 724 F.2d 776 (9th Cir.1984) (en banc). Similarly, in this case, Coska made no "explicit[ ] link," *id.* at 616, between any demand

Thus, Coska's arguments fall short.[7]

This need for a specific sum certain was not kept secret from Coska in hopes of defeating her claim. To the contrary, the United States made a number of specific requests for the sum certain. All of those requests were ignored.

■ Coska claims that affirming the dismissal of her claim would allow "mere technicalities" to bar an otherwise well-made claim. All of the information necessary to investigate the claim, Coska argues, was contained in the demand packet and letters. It is the information available rather than the form in which it is presented that is crucial. *See, e.g., Corte–Real,* 949 F.2d at 486; *see also Santiago–Ramirez,* 984 F.2d at 19 n. 2. However, there was essential information missing from the packet and the letters—namely, the amount of damages being sought from the United States. *Cf. Santiago–Ramirez,* 984 F.2d at 19 (notice requirement of 28 U.S.C. § 2675 is satisfied when claim includes sufficient information to investigate claim and the amount of damages sought).[8] Had the plaintiff included that amount in any of the correspondence or even returned a completed SF–95, which includes boxes for personal injury and total damages, the situation may have produced a different outcome. *See, e.g., Corte–Real,* 949 F.2d at 486–87. This is not a case of exalting form over substance, nor is it a case of "bureaucratic overkill." *Cf. id.* at 486.

Lastly, Coska argues that the district court impermissibly relied on the government's repeated requests for a sum certain

made after the expiration of the limitations period in coming to its decision. Without addressing whether Coska waived this argument, we find that even without the consideration of the one to two requests made after the limitations period passed, Coska's claim fails. The district court's finding hardly "rested" on the requests made after the limitations period; it observed only that the government gave Coska adequate notice of the shortcomings of her submissions and that "perhaps" the outcome would be different had such notice not been given.

*Affirmed.*

against the United States and the demand for a sum certain it asserted against Barlou.

7. The government argues that Barlou and Sutherland were independent contractors, that liability was not joint and several as Coska asserts, and so that notice to Barlou could not as a matter of law, provide notice to the United States. Therefore, the United States says, a demand against Barlou could not be a demand against the United States. To decide this case, we need not address whether Barlou and/or Sutherland were "independent contractors" and thus were not joint and severally liable. That the government is able to make the argument, whatever its resolution, demonstrates that it is far from a foregone conclusion that a demand against Barlou constituted a demand against the United States. As the

district court observed, a sum certain should have been demanded by Coska from the United States with some specificity, irrespective of demands sent to joint or several or other tortfeasors.

8. We reject Coska's argument that the district court effectively merged the statutory notice requirement of 28 U.S.C. § 2675 and the presentment requirement of 28 C.F.R. § 14.2(a). This is a matter of subject matter jurisdiction. A federal court has no jurisdiction to entertain a suit against the United States unless a claimant has presented, in writing, a claim stating a sum certain. *See Corte–Real,* 949 F.2d at 485; *Gonzalez–Bernal v. United States,* 907 F.2d 246, 248 (1st Cir.1990).