# United States Court of Appeals
## For the First Circuit

No. 16-1402

ERROL HOLLOWAY,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Lynch, Selya, and Thompson,
Circuit Judges.

Thomas M. Libbos, Katherine L. Lamondia-Wrinkle, and Thomas M. Libbos PC on brief for appellant.
Carmen M. Ortiz, United States Attorney, and Karen L. Goodwin, Assistant United States Attorney, on brief for appellee.

January 11, 2017

**THOMPSON**, <u>Circuit Judge</u>.

## Preface

Errol Holloway appeals the grant of summary judgment to the United States in this action under the Federal Tort Claims Act ("FTCA"). Spying no reversible error, we affirm.

## How the Case Got Here[1]

We reconstruct the chronology of events giving rise to this litigation:

- *June 22, 2012*. Holloway is injured while receiving treatment at Caring Health Center, Inc., a federally funded healthcare facility in Springfield, Massachusetts.

- *April 8, 2014*. Holloway — through his lawyer — files an administrative claim with the Department of Health and Human Services ("HHS"), using a Standard Form 95 ("SF 95"). But he fails to fill out the box for a sum certain. Text in that box warns that "[f]ailure to specify may cause forfeiture of your rights." Elsewhere the form — occasionally using boldface, underlining, and capitalized text — says that he had to provide a sum certain for the claim to be considered "presented," that he had "two years" to present the claim,

---

[1] We summarize the background facts in the light most agreeable to Holloway, as required on *de novo* review of a summary-judgment ruling. <u>See</u> <u>Baltodano</u> v. <u>Merck, Sharp, & Dohme (I.A.)</u> <u>Corp.</u>, 637 F.3d 38, 41 (1st Cir. 2011).

- 2 -

and that "[f]ailure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid."

- *April 17, 2014*.  HHS acknowledges receiving Holloway's SF 95 and requests medical records, itemized bills, evidence of lost wages, and the like.

- *June 25, 2014*.  More than two years after the incident at Caring Health Center, Holloway's lawyer submits medical bills, employment records, and other documents.

- *August 14, 2014*.  A paralegal in the HHS general counsel's office calls Holloway's attorney, mentions the missing sum certain, and asks counsel to submit an amended SF 95 with the required sum certain.  HHS then gets an amended form requesting a sum certain in the amount of $3,000,000 for personal injuries.

- *August 21, 2014*.  HHS denies Holloway's claim, saying "[t]he evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment."

An unhappy Holloway sued the United States in federal court in February 2015, seeking damages under the FTCA.  Convinced that Holloway's failure to provide a timely sum-certain demand deprived the court of jurisdiction, the United States moved to dismiss the case for lack of subject-matter jurisdiction.  Holloway

responded with a double-pronged argument: first, that he timely presented his claim because his submissions satisfied HHS's investigatory needs; second, and alternatively, that the limitations period should be tolled. The district judge referred the motion to a magistrate judge.

After noting that the Supreme Court had recently held that the FTCA's limitations period is nonjurisdictional and subject to equitable tolling, see United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015), the magistrate judge treated the motion as one for summary judgment and recommended that judgment enter for the United States. Her reasoning ran this way. For starters, she concluded that Holloway had neither timely specified a sum certain nor timely provided documents from which "such a sum could be ascertained" and so had not properly presented his claim to HHS. And then she found that nothing that took place here qualified as extraordinary circumstances meriting equitable tolling, particularly since Holloway conceded that he did have constructive or actual knowledge of the filing requirements. Holloway objected, attacking only the magistrate judge's untimeliness conclusion. Agreeing that Holloway "did not timely satisfy" the FTCA's requirements, the district judge later adopted the magistrate judge's recommendation on *de novo* review.

Which brings us to today, with Holloway asking us to reverse and send the matter to trial. But before tackling his

many arguments, we pause to give a quick tutorial on the relevant aspects of the FTCA.

## The FTCA

The FTCA waives sovereign immunity for certain tortious acts and omissions of federal employees. See 28 U.S.C. §§ 1346(b)(1), 2674. And like other sovereign-immunity waivers, the FTCA gets a strict reading. See, e.g., Donahue v. United States, 634 F.3d 615, 622 (1st Cir. 2011). What that means is that judges "must faithfully enforce" the FTCA's "requirements, neither 'extend[ing] the waiver beyond that which Congress intended [nor assuming] authority to narrow the waiver.'" Id. (quoting United States v. Kubrick, 444 U.S. 111, 118 (1979)).

A key FTCA requirement is that a person cannot sue under it unless he first presents his "claim" to the relevant administrative agency "within two years after such claim accrues" — failure to present a claim within that period "forever bar[s]" the claim. 28 U.S.C. § 2401(b). An essential element of a claim is "notification of the incident," via "an executed" SF 95 or "other written" document, "accompanied by" a demand "for money damages in a *sum certain*." See 28 C.F.R. § 14.2(a) (emphasis added). The purpose behind the sum-certain requirement is to tip the government off as to its "possible liability" so that it can "'investigate the alleged negligent episode'" to see "'if settlement would be in the best interests of all.'" Coska v.

- 5 -

United States, 114 F.3d 319, 322 (1st Cir. 1997) (quoting Corte-Real v. United States, 949 F.2d 484, 486 (1st Cir. 1991), in turn quoting Lopez v. United States, 758 F.2d 806, 809 (1st Cir. 1985)); see also Reilly v. United States, 863 F.2d 149, 173 (1st Cir. 1988) (noting that "[t]he goal of the administrative claim requirement is to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that '[t]he government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions'" (quoting Martinez v. United States, 780 F.2d 525, 530 (5th Cir. 1986))). And because the FTCA ties "both the authority to settle a claim and the source of settlement funds to the amount of the underlying claim,"[2] not having a sum certain obviously makes it harder for the government to determine the claim's value and to "handl[e]" the claim "efficiently." Kokotis, 223 F.3d at 279.

Having said all this, we must acknowledge that we "approach[] the notice requirement leniently, 'recognizing that

---

[2] "[C]laims of $2,500 or less," for example, "can be settled on the authority of '[t]he head of each Federal agency or his designee' and are paid 'out of appropriations available to that agency'"; "[c]laims of between $2,500 and $25,000 can be settled on the same authority, but are paid out of a separate appropriation"; and "claims in excess of $25,000 can only be settled 'with the prior written approval of the Attorney General or his designee.'" Kokotis v. USPS, 223 F.3d 275, 279 (4th Cir. 2000) (quoting 28 U.S.C. § 2672).

individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims.'" Santiago-Ramírez v. Sec'y of Dept. of Def., 984 F.2d 16, 19 (1st Cir. 1993) (quoting Lopez, 758 F.2d at 809). Perhaps that is why our cases suggest that the failure to specify a sum certain on the SF 95 may not be fatal if the claimant provides documents (*e.g.*, medical bills) that "lend" themselves "to determination of a sum certain or even an approximate total of damages claimed." See Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992); see also Coska, 114 F.3d at 323 (noting that "[i]t is the information available rather than the form in which it is presented that is crucial," but finding dismissal of plaintiff's claim appropriate where (among other things) "there was essential information missing from the packet and the letters" submitted there, "namely, the amount of damages being sought from the United States").

With this legal primer in place, we turn to the particulars of Holloway's challenges.

## Arguments and Analysis[3]

Conceding — as he must — that his SF 95 did not include a sum certain, Holloway raises several arguments for reversal. None has merit, as the United States is quick to point out.

Quoting Santiago-Ramírez's language about our taking a "lenient" view of the FTCA's claim-presentment requirements, Holloway argues first that we should reverse the lower court's untimeliness ruling because his sum-certain omission was (emphasis his) "*inadvertent*": as he sees things, an inadvertent omission — in and of itself — excuses him from having to satisfy the sum-certain requirement. But the cases of ours that he talks about — Kokaras and Corte-Real, for example — do not support his argument.

The Kokaras plaintiffs filed an SF 95 with the United States Post Office following a collision with a mail truck. See 980 F.2d at 21. In box A of the form, labeled "Property Damage," plaintiffs wrote "$2,906.61" and in box B, labeled "Personal Injury," they wrote "to be determined." Id. They left box C, labeled "Total," blank. Id. Later — but still within the two-

---

[3] Keep in mind, please, that we give fresh review to the grant of summary judgment, affirming if — after giving Holloway the benefit of all reasonable inferences in the record — there is no "genuine dispute" of "material fact" and the United States "is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a); Tutor Perini Corp. v. Banc Am. Sec. LLC, 842 F.3d 71, 84 (1st Cir. 2016).

year statute of limitations — they hired a lawyer who, during unsuccessful settlement talks, handed over medical records and bills.  Id.  Ultimately, we upheld the dismissal of the personal-injury claim, holding that plaintiffs did not timely state a sum certain — "[n]owhere on form SF 95 is a sum certain for the personal injuries stated," we wrote.  Id. at 22-23.  We also held that they did not timely provide the agency with documents with enough info to otherwise satisfy the sum-certain requirement (we did let the property-damages claim proceed because their SF 95 did specify a sum certain).  Id.

The Corte-Real plaintiff filed an SF 95 that had "$100,000 plus because still treating and out of work" written in the box requiring him to state the dollar amount attributable to his personal injury.  See 949 F.2d at 485.  But he wrote "$100,000" — without any qualifying language — in the box requiring him to list the total dollar amount of his claims.  Id.  Emphasizing "the importance and absolute necessity of adher[ing] to the sum certain requirement," we said:

> Where as here a claim clearly states a specific sum and meets the sum certain requirement in all respects but for concern over the possible detraction of improper surplusage of this insubstantial variety, we see no reason not to strike the surplusage rather than the claim itself.

Id. at 486-87.

From all of this it is clear that Holloway's talk about inadvertent omissions is a distraction: Kokaras and Corte-Real whisper no hint of a suggestion that their outcomes turned on whether the plaintiffs accidently or intentionally failed to fill in the sum-certain box. As always in this type of case — given the FTCA's goal of efficiently handling claims and our desire not to promote "bureaucratic overkill," see Corte-Real, 949 F.2d at 486 — what matters is whether the plaintiff timely specified a sum certain on the SF 95 or otherwise timely provided documents from which a sum certain could be ascertained. And keeping our eyes firmly fixed on that standard, we trudge on.[4]

Perhaps sensing the grave problem with his inadvertent-omission argument, Holloway fashions a fallback position — namely, that despite his accidently omitting a sum certain from his SF 95, HHS's "investigatory needs were satisfied" in the end and so dismissal on timeliness grounds was not called for. To give his position a patina of plausibility, he contends that the documents he provided in response to HHS's request disclosed "enough" information to satisfy the sum-certain requirement and thus he

---

[4] After marching us through our caselaw, Holloway insists that other "circuit courts" have "refused to order dismissal" in "factually analogous situations." But he does not point to a single case from another circuit court to back up his statement. So we consider his other-circuits-support-my-position argument waived for lack of development. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

should be deemed to have fully complied with his FTCA obligations. More, he believes that HHS's rejection of his FTCA claim "on the merits" shows that he in no way crippled "the agency's investigatory purpose." Call us unconvinced.

As for the "documents" facet of Holloway's argument, we see two problems. One is that he submitted those papers *after* the limitations period had run. The other is that those documents — like the documents considered insufficient in Coska and Kokotis — lack the necessary info to calculate a sum certain. The magistrate judge here did a fine job of listing the documents' shortcomings. "Plaintiff's medical bills," she wrote (as a for-instance), "d[o] not consistently identify the service provided, the total cost of the service, the amount of the cost covered by insurance, or the amount of the cost covered by Plaintiff," and "the employment records" contain no "indication as to the amount in lost wages Plaintiff might be claiming." Our own review of the records leads us to the same conclusion. If more were needed — and it plainly is not — Holloway's brief spends no time trying to explain away the flaws spotlighted below. And we will not do counsel's work for them. See Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 356 (1st Cir. 1994).

As for the "merits" facet of Holloway's argument, we note that even if HHS had enough info to conclude that a federal employee's negligence did not cause his injuries, all of HHS's

- 11 -

investigatory needs were *not* satisfied without a sum certain. Remember, a sum certain helps the appropriate decisionmakers to decide whether settlement is the best option and, if it is, to also determine where to get the settlement funds from. See, e.g., Coska, 114 F.3d at 322; Reilly, 863 F.2d at 173. Holloway's brief does not say anything about these important needs.

Taking a different tack, Holloway argues that, if nothing else, HHS *misled* him into thinking that its investigatory needs were satisfied and so the United States should not have been allowed to seek dismissal on timeliness grounds. But this argument has no oomph. Recall how the SF 95 let him know — as plain as day — that he had two years to present his claim, that for a claim to be considered presented a sum-certain dollar amount had to be included, and that he may forfeit his rights by failing to comply. Recall too how our caselaw highlights how important a timely-stated sum certain is. Well, Holloway makes no effort to explain how his theory about being misled can fly given the clarity of the SF 95 and our caselaw. Cf. United States v. Dwyer, 843 F.2d 60, 64 (1st Cir. 1988) (emphasizing that courts "publish" opinions "so that future lawyers" will "know the law"). Also and critically, because (as we just said) he does not address all of the agency's important investigatory needs, he never explains how any HHS action

- 12 -

implied that these needs had been met here — which further undermines his I-was-misled argument.[5]

In a parting shot, Holloway argues that he is entitled to equitable tolling of the FTCA's limitations period. But he did not raise this argument in his objection to the magistrate judge's recommended decision. And our waiver rule bars any consideration of this issue. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

## Conclusion

For the reasons expressed above, we affirm the judgment entered below.

---

[5] Holloway's argument kind of sort of has a whiff of equitable estoppel — a "doctrine . . . used sparingly against the government." United States v. Ledée, 772 F.3d 21, 29 (1st Cir. 2014); see also Nagle v. Acton—Boxborough Reg'l Sch. Dist., 576 F.3d 1, 3 (1st Cir. 2009) (explaining that "under federal precedent, governments in the past have not been subject to estoppel or, more recently, have been held not subject to estoppel, save [in] exceptional situations that we have called 'hen's-teeth rare'" (quoting Costa v. INS, 233 F.3d 31, 38 (1st Cir. 2000))). But he does not develop the equitable-estoppel point, meaning any such argument is waived. See Zannino, 895 F.2d at 17.