[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 99-1281

SAMSON OMOSEFUNMI,

Plaintiff, Appellant,

v.

EDWIN MARTICIO; ROBERT LARCONE; UNITED STATES,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Boudin and Lynch,
Circuit Judges.

Samson Omosefunmi on brief pro se.
Donald K. Stern, United States Attorney, and Rayford A.
Farquhar, Assistant U.S. Attorney, on brief for appellee.

November 16, 1999

Per Curiam. After a careful review of the record and
the submissions of the parties, the court affirms the district
court's dismissal of the complaint. The district court lacked
subject matter jurisdiction to consider the claims under the
Federal Tort Claims Act, 28 U.S.C. 2674, as any claim
appellant submitted to the Immigration and Naturalization
Service did not comply with the requirement of 28 C.F.R. 14.2
that it include a demand for money damages in a sum certain. 
See Coska v. United States, 114 F.3d 319, 322 (1st Cir. 1997). 
Appellant's claim that he was deprived of his eighth amendment
rights is more properly termed a violation of his due process
rights. Lyons v. Powell, 838 F.2d 28, 29 (1st Cir. 1988). And
while one cannot argue that racial harassment of detainees
could ever be reasonably related to a legitimate administrative
goal, see Bell v. Wolfish, 441 U.S. 520, 538 (1979),
appellant's claim still fails. No protected liberty interest
has been identified. See Pittsley v. Warish, 927 F.2d 3, 7 (1st
Cir. 1991) ("Fear or emotional injury which results solely from
verbal harassment or idle threats is generally not sufficient
to constitute an invasion of an identified liberty interest.")
(citations omitted). Further, the alleged conduct, while
deplorable, does not "shock the conscience." See Brown v. Hot,
Sexy & Safer Productions, Inc., 68 F.3d 525, 531 (1995)
("Although we have not foreclosed the possibility that words or
verbal harassment may constitute "conscious shocking" behavior
in violation of substantive due process rights, . . . our
review of the caselaw indicates that the threshold for alleging
such claims is high.") (citing Souza v. Pina, 53 F.3d 423, 427
(1st Cir. 1995)). No other basis for a constitutional violation
appears in the complaint.
Affirmed. See 1st Cir. Loc. R. 27(c).