Kimberly D. WARD and Edward L. Ward, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 00–2706.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 12, 2000.

Decided Jan. 4, 2001.

Before BAUER, POSNER, and KANNE, Circuit Judges.

## ORDER

Kimberly Ward and her husband, Edward Ward, filed suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.*, (FTCA) after Kimberly was involved in a car accident with a United States Postal Service (USPS) vehicle. The district court dismissed the case for lack of subject matter jurisdiction because the Wards failed to exhaust their administrative remedies, and we affirm.

On October 24, 1995 Kimberly was injured when a USPS vehicle backed into her car while she was stopped at a red traffic light. Kimberly alleges that she sustained personal injuries and property damage to her car as a result. Following the accident, Kimberly drove to a nearby post office and reported the accident to the postmaster on duty. At some uncertain point after the accident, Kimberly completed a government accident claim form, referred to as "Standard Form 95."

The parties disagree as to when exactly Kimberly filled out that form. The date is significant because claims against the United States must be presented in writing to the USPS within two years after the claim accrues, *see* 28 U.S.C. § 2401, or, in this case, October 24, 1997. The parties do agree that on November 14, 1995, USPS Accident Investigator and Claims Coordinator Roger Macy sent Kimberly a copy of a blank Standard Form 95 for her to complete and return with estimates of the amount of damage she had suffered. Macy was eventually contacted by Paul Burnett, an employee of Progressive Insurance, Kimberly's automobile insurer. During their conversations, Macy and Burnett discussed the kind of forms Kimberly needed to submit and the general process for filing such a report with the USPS.

In December 1995 Macy was contacted by Kimberly's attorney, to whom Macy then sent another blank Standard Form 95. According to her affidavit in the record, Kimberly "filled out" that claim form by "providing the information available to me" and then returned the form to Macy, although her affidavit did not state when she did so. But in his affidavit, Macy stated that "a search of agency records reveals that no administrative tort claim has ever been received by my office from Kimberly D. Ward or Edward L. Ward." Apparently not until November 3, 1997 did the USPS receive a copy of Kimberly's Standard Form 95, and that copy had been filed in conjunction with the filing of the Wards' earlier lawsuit.[1] On October 20, 1999, Kimberly filed a complaint under the FTCA against the United States for her personal injuries and property damage to her vehicle, and Edward filed a derivative action for loss of society and companionship because of his wife's injuries. The district court dismissed the Wards' complaint for lack of subject matter jurisdiction because the Wards failed to exhaust their administrative remedies before filing suit. *See* 28 U.S.C § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). The court focused not on the apparent untimeliness of the filed Standard Form 95, but instead on the Wards' failure to file a properly

---

1. In October 1997 the Wards initially sued the United States Postal Service instead of naming the United States directly, as required by the FTCA, 28 U.S.C. § 2679(d)(1). That case was dismissed on April 10, 1998. This appeal concerns only the dismissal of the Wards' second suit.

executed claim form with the USPS. The court concluded that the form was not properly executed because it was not signed and dated, nor did it contain a "sum certain."

The primary question at issue on this appeal is whether the Wards presented a properly executed claim against USPS to satisfy the administrative exhaustion requirement under the FTCA. *See* 28 U.S .C. § 2675(a); 28 C.F.R. § 14.2(a). Because the district court's dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(1) is a legal determination, we review that judgment de novo. *See Massey v. Wheeler*, 221 F.3d 1030, 1033 (7th Cir.2000). In doing so, we draw all inferences in favor of the Wards and accept all well-pled facts as true. *Id.*

The FTCA requires that a claim be "presented" to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The Act also requires that before an action may be commenced in court, the claimant "present" his claim to the appropriate administrate agency for determination. 28 U.S.C. § 2675(a). Under Department of Justice regulations, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agency or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury ... alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). The reference to Standard Form 95 suggests that a self-written claim, to be executable, must contain the information required on the preprinted form.

In this case, Kimberly may have failed to properly execute her claim within the two-year time limit. Macy attests, however, that an administrative tort was never filed with his office, and the USPS did not receive a copy of the form until November 3, 1997. Although on this record it we cannot be certain, it appears that Kimberly failed to meet the two-year deadline for filing her administrative complaint, and a failure to comply with the two-year deadline "forever bar[s]" a claim against the United States. 28 U.S.C. § 2401(b).

Notwithstanding the uncertainty surrounding the timeliness of the filing, the district court acknowledged Kimberly's argument that she had submitted a claim form to the USPS "at or near the time of collision" and proceeded to examine the adequacy of the claim form's contents. The district court appears to assume that the claim form submitted as evidence was "not the same claim form submitted to the USPS by Mrs. Ward." The district court then determined that this claim form omitted so much information that it had not been properly executed pursuant to the FTCA. The district court noted that the claim form had not been signed or dated, did not contain a "sum certain," and had not been filed with the appropriate agency, here the USPS.

In waiving its sovereign immunity and consenting to suit under the FTCA, the government may require that certain conditions be met prior to the filing of a complaint, such as the completion of a Standard Form 95. *See Kanar v. United States*, 118 F.3d 527, 529 (7th Cir.1997); *see also Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir.2000). In this instance, the government requires that a "sum certain," or a claim for monetary damages, be included when completing the form. *See Murrey v. United States*, 73 F.3d 1448, 1451–52 (7th Cir. 1996) (citing 28 C.F.R. § 14.2(a)). Kimberly's Standard Form 95 did not include a sum certain, let alone any other details that might have informed the agency of the amount of damages she sought from

the government. Given that the purpose of requiring administrative exhaustion is to provide the government with sufficient notice to investigate the claim and prepare for settlement negotiations, *see Charlton v. United States*, 743 F.2d 557, 559–60 (7th Cir.1984), Kimberly's claim falls significantly short of that goal.

We have stated that the sum certain requirement "need not imply . . . a precise demand" and that "statutory exceptions for newly discovered evidence and intervening facts suggest more flexibility than a sum certain requirement tolerates." *See Kanar*, 118 F.3d at 529. The Wards try to convince us to accept Kimberly's partially completed Standard Form 95 as sufficient "minimal notice" for exhaustion purposes. The Wards believe that because the exact amount of their injuries was unknown to them, they could not have been expected to include a sum certain. Furthermore, they believe that the USPS should have learned about their damages from another source, an employee of Progressive Insurance, the Wards' insurer, who provided the USPS with a claim for medical expenses.

The Wards suggest that their insurance company, Progressive Insurance, provided useful information about their damages to USPS, and therefore the agency had sufficient notice of Kimberly's claim. More specifically, they argue that Paul Burnett, an employee of Progressive Insurance, provided USPS with a statement of the payments that the company made to cover the Wards' medical bills. But the only evidence of this communication between Burnett and USPS is an affidavit filed by the Wards' attorney, stating that he believed that "Paul Burnett spoke with Roger Macey concerning the plaintiffs' claims" and "[t]hat on or about August 30, 1996 Roger Macey requested copies of payments made on behalf of the plaintiff." The record does not include any statements from Burnett, nor does

Macy's affidavit acknowledge receiving such information. Regardless of whether this information was ever provided, there is no evidence that Burnett was ever authorized to present a claim to the USPS on behalf of the Wards. *See Kanar*, 118 F.3d at 528 (7th Cir.1997) (affirming dismissal of FTCA action in part because claimant's lawyer did not comply with 28 C.F.R. 14.2(a)'s requirement that he establish his authority to represent claimant). Without such authorization, the information allegedly provided by Burnett cannot be used to introduce new information about damages to complete the Wards' claim. *Id.* Thus, Burnett's alleged discussion with Macy cannot supplement the Wards' attempt to demonstrate they properly executed their claim.

The Wards also seem to argue that any deficiencies in their claim should be excused because they were never informed that their claim might be defective. In support of this proposition, they cite *G.A.F. Corp. v. United States*, 818 F.2d 901, 915–17 (D.C.Cir.1987), which suggested in dicta that the government's failure to object to the adequacy of a claimant's presentment operates as a "denial" of the claim as a matter of law, establishing the claimant's jurisdiction to sue. It is not certain, however, that the USPS was ever presented with Kimberly's partially completed Standard Form 95 before November 3, 1997, and at that point, the Wards had already filed their complaint in federal court. In any event, we have not adopted the reasoning set forth in *GAF Corp. See Kanar*, 118 F.3d at 529.

■ The Wards also contend that the district court abused its discretion in denying their request for an evidentiary hearing on the issue of subject matter jurisdiction. After the government moved for dismissal, the Wards twice requested an evidentiary hearing. The district court did not grant either request. Indeed, both of

the Wards' requests for evidentiary hearings, are vague and do not suggest what relevant evidence the Wards would have presented at a hearing to demonstrate that they had stated a sum certain for their claim. Their first request for an evidentiary hearing is only one sentence in length and includes no description of evidence to be presented. The second request states only that the Wards could provide "evidence that would be relative to the resolution upon the issues presented by the Motion to Dismiss." We do not require an evidentiary hearing in all circumstances, recognizing that "often the only evidence necessary to resolve a jurisdictional issue is documentary ..." *Crawford v. United States,* 796 F.2d 924, 928–29 (7th Cir.1986); *see also Barnhart v. United States,* 884 F.2d 295, 296 (7th Cir.1989). It cannot be said that the district court abused its discretion in denying the Wards' request for an evidentiary hearing.

Therefore, the order of the district court is AFFIRMED.