# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3176
_____

A.M.L., a minor, by and through her parent and natural guardian, Amy Michelle Losie

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 19, 2022
Filed: March 1, 2023

_____

Before KELLY, WOLLMAN, and KOBES, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A U.S. Postal Service (USPS) vehicle allegedly ran over A.M.L.'s foot on July 18, 2018. A.M.L.'s mother sent a Claim for Damage, Injury or Death (Standard Form 95) to USPS in August 2018. A year later, A.M.L.'s attorney sent a demand letter that set forth A.M.L.'s medical expenses. After USPS denied liability, A.M.L. (by and through her parent) filed suit against the United States under the Federal Tort

Claims Act (FTCA). The government moved to dismiss the suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that A.M.L. had failed to exhaust her administrative remedies before bringing suit. The district court dismissed the suit, and A.M.L. appeals, arguing that her claims satisfied the FTCA's presentment requirement. We reverse and remand.

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. Magee v. United States, 9 F.4th 675, 680 (8th Cir. 2021). "We review questions of statutory interpretation de novo, which requires us to examine the text of the statute as a whole by considering its context, object, and policy." Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

Congress enacted the FTCA "to mitigate unjust consequences of sovereign immunity" by "extend[ing] a remedy to those who had been without"—tort victims injured by federal employees and officers. Feres v. United States, 340 U.S. 135, 139–140 (1950). Congress amended the FTCA in 1966 to "facilitate settlement of [FTCA] cases." Mader, 654 F.3d at 798 (quoting Lunsford v. United States, 570 F.2d 221, 226 (8th Cir. 1977)) (alteration in original). Accordingly, a claimant must present her claim to the appropriate federal agency before an action may be instituted in federal court. 28 U.S.C. § 2675(a). Because the value of the claim dictates who may approve it and how it should be paid, id. at § 2672, a claimant must specify the value of her claim so the federal agency can determine how to process it. Melo v. United States, 505 F.2d 1026, 1029 (8th Cir. 1974). An action in court generally may "not be instituted for any sum in excess of the amount of the claim presented to the federal agency," but a claimant may seek a greater amount in court "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

Regulations issued by the Attorney General clarify what is required for presentment:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and [3] the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). See Mader, 654 F.3d at 804 n.9 ("[T]he Attorney General's regulation is merely a paraphrase of the inherent statutory elements of claim presentation."). Conformity with the presentment requirement is necessary for federal courts to have subject matter jurisdiction over a subsequent action. Id. at 805.

In her Standard Form 95, A.M.L. claimed damages "in excess of $50,000." She revised this figure in a subsequent demand letter, stating, "we believe settlement in the range of $250,000 to $275,000 is a very conservative estimate of her damages." The government argues that because these claims failed to provide a sum-certain amount for her damages, A.M.L. neither met the presentment requirement nor exhausted her administrative remedies.

The government relies on Mader v. United States, which requires as a jurisdictional prerequisite that a claim be in "strict compliance" with the FTCA's requirements. See 654 F.3d at 805. Mader did not interpret "sum certain," however, nor did it offer a definition of what would constitute compliance with the sum-certain requirement. The government asks that we adopt the position that a sum certain must

-3-

allege a specific amount of damages and may not be simply expressed as a range.[1] See Sum Certain, Black's Law Dictionary (11th ed. 2019) (defining "sum certain" as "[a]ny amount that is fixed, settled, or exact."). It asserts that only a claim for a specific dollar value would satisfy the requirement's purpose.

A.M.L. contends that the statement of a range would satisfy the statute's purposes. She argues that the upper end of the range informs the agency of those thresholds which are determinative in processing the claim and which could also be determinative of recovery limitations.

Several other circuits have concluded that a claim need not specify a single dollar value to meet the sum certain requirement.[2] We agree and hold that §§ 2672 and 2675(b) do not require that a claim set forth a single-dollar amount, but that it

---

[1]We do not accept the government's argument that our precedent requires the specification of a single dollar amount. In the cases the government relies upon, the claimants did not specify any dollar amount for money damages, see, e.g., Melo v. United States, 505 F.2d 1026 (8th Cir. 1974), and we thus have not heretofore had occasion to consider the question presented in this appeal.

[2]See Holloway v. United States, 845 F.3d 487, 490 (1st Cir. 2017) (failure to specify sum certain not fatal if claim includes documentation that allows determination of approximate total damages); Dalrymple v. United States, 460 F.3d 1318, 1325 (11th Cir. 2006) (same); Molinar v. United States, 515 F.2d 246, 249 (5th Cir. 1975) (same); Ward v. United States, 1 F. App'x 511, 514 (7th Cir. 2001) (per curiam) ("sum certain requirement need not imply a precise demand" (quotation marks and alteration omitted)); see also Bialowas v. United States, 443 F.2d 1047, 1049 (3rd Cir. 1971) (presentment requirement not met when claim failed to state "specific sum" or "any information . . . from which a specific amount could be computed"). But see Kokotis v. U.S. Postal Service, 223 F.3d 275, 279 (4th Cir. 2000) (sum certain requirement not met when claimant submitted periodic documentation of medical bills even after statute of limitations had expired because "[n]o exception exists for cases where the agency might have been able to estimate the value of a claim").

must express the maximum value of the asserted claim. Accordingly, the expression of a range complies with the statute's requirements because it presents the maximum value of the claim. Cf. Bradley v. U.S. by Veterans Admin., 951 F.2d 268, 271 (10th Cir. 1991) (declining to find that claim satisfied sum certain requirement "[b]ecause there [was] no ceiling on the amount"). A.M.L.'s claim of "$250,000 to $275,000" thus presented a sum certain in compliance with the FTCA's presentment requirement.

The government also argues that A.M.L.'s claim did not present a sum certain because, in addition to expressing her demand as a range, it described this range as "a very conservative estimate." Such language, whether it is designed to encourage settlement or merely to acknowledge a claimant's uncertainty regarding the actual total damages, does not prevent the federal agency from evaluating the claim and pursuing settlement. Furthermore, the statute permits a claimant to recover more in court than what was sought from the agency if "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts." 28 U.S.C. § 2675(b). A claimant will not be barred from recovery for using language that suggests the actual damages are higher than the stated claim, although she is limited to the amount of her demand in the absence of the presentment of newly discovered evidence or of proof of intervening facts as permitted by the statute, in light of our agreement with those courts that disregard such extraneous language.[3]

---

[3]See Rucker v. U.S. Dep't of Labor, 798 F.2d 891, 892–93 (6th Cir. 1986) (interpreting "in excess of $10,000–$450,000" to mean "greater than $10,000 specifically: $450,000" and finding that this presented a sum certain); Adams by Adams v. U.S. Dep't of Housing & Urban Dev., 807 F.2d 318, 321 (2d Cir. 1986) ("[W]e do not believe an otherwise adequate request for a specific dollar amount should be deemed fatally uncertain by reason of the claimant's mere inclusion of the words 'in excess of.'"); Martinez v. United States, 728 F.2d 694, 697 (5th Cir. 1984) (holding that claim for "in excess of $100,000" was in "reasonable compliance" with requirement); Erxleben v. United States, 668 F.2d 268, 272–73 (7th Cir. 1981) (per

The judgment is reversed, and the case is remanded for further proceedings consistent with the views set forth in this opinion.

_____

curiam) (concluding that claim for "$149.42 presently" was valid because dollar amount can fulfill purposes of statute and additional words should be treated as surplusage).  But see Bradley, 951 F.2d at 271 (finding that claim for "in excess of $100,000.00" did not satisfy sum certain requirement).