# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3049

_____

Avery Wilson

*Plaintiff - Appellant*

v.

CTW Transportation Services, Inc.; Colby Harlow, Owner; Jacqueline Woods, Driver Manager; Timothy Ireland, Fleet Manager

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 22, 2023
Filed: July 24, 2023

_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Avery Wilson appeals the district court's order dismissing his wrongful-termination claim for lack of subject-matter jurisdiction. We vacate and remand.

# I.

Wilson contracted to haul freight for CTW Transportation Services. Two weeks later, CTW terminated the contract. On October 7, 2020, Wilson filed an administrative complaint against CTW with the Department of Labor alleging that his contract was terminated in violation of 49 U.S.C. § 31105(a) for reporting safety violations. That provision prohibits employers from retaliating against employees (including independent contractors, *see* § 31101(2)) who report commercial motor-safety violations. For its part, CTW asserts that it terminated Wilson's contract because his tractor was unusable and he failed to complete certain paperwork.

The following February, the administrative law judge ("ALJ") ordered discovery to close on May 25 and set trial for July 27. At his deposition on March 30, Wilson testified that his attorney had not produced all the documents he had given him. Despite CTW's requests, it did not receive any additional documents until May 27. CTW believed some of the May 27 documents were fabricated. Over the next two months, CTW unsuccessfully sought forensic analysis of Wilson's phone to determine the documents' authenticity. Even after the ALJ ordered him to turn over his phone, Wilson refused, electing instead to fire his attorney and proceed *pro se*.

The parties' discovery disputes led the ALJ to reschedule trial for September 8. On August 31, Wilson notified the ALJ that he intended to file a complaint in federal court. Under § 31105's kick-out provision, employees may "bring an original action at law or equity for de novo review in the appropriate district court," provided that "the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint" and "the delay is not due to the bad faith of the employee." 49 U.S.C. § 31105(c). Here, the 210-day period ended on May 5, 2011—twenty days before the close of discovery and eighty-three days before the original trial date. Because Wilson intended to kick out, he did not comply with the ALJ's pretrial orders, but he also did not promptly file a complaint in federal district court. On the day before trial, Wilson sent a letter to the ALJ criticizing his handling

-2-

of the case. Wilson's delay in filing a complaint in federal court, along with his alleged manipulation of documents and ongoing failure to produce his phone for analysis, led CTW to move to dismiss the administrative complaint for bad faith. *See* 29 C.F.R. § 18.57(b)(v) (permitting an ALJ to dismiss a case if a party disobeys a discovery order). The ALJ found that Wilson had engaged in bad faith but allowed him two weeks to file a complaint in district court. Wilson filed his complaint, and the ALJ dismissed the administrative complaint with prejudice.

Once in federal court, Wilson reasserted his § 31105(a) retaliation claim. CTW moved to dismiss for lack of jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), arguing that the district court lacked jurisdiction under § 31105(c) because Wilson's bad faith delayed the administrative proceedings. The district court agreed that it lacked jurisdiction, finding that Wilson "engaged in bad faith delay . . . by committing serious violations of the rules of discovery, refusing to comply with basic requirements to prepare the case for trial before the ALJ, and heaping personal insults on the ALJ in an attempt to postpone the proceedings." Wilson appeals, arguing that the district court misinterpreted § 31105(c).

## II.

As an initial matter, CTW asks us to dismiss Wilson's appeal for brief-formatting errors such as failing to cite to the record. *See United States v. 339.77 Acres of Land*, 420 F.2d 324, 325 (8th Cir. 1970) (noting that an appellant's brief is subject to dismissal for failure to comply with Fed. R. App. P. 28). Because the clerk did not issue a brief-deficiency notice, Wilson's errors are minor, and he makes coherent arguments, we decline to do so. *See Mathers v. Wright,* 636 F.3d 396, 399 n.1 (8th Cir. 2011) (rejecting a request to dismiss an appeal where appellant's brief did not cite to the record).

Turning to jurisdiction, we review *de novo* both a district court's order dismissing for lack of subject-matter jurisdiction, *Alberty v. United States*, 54 F.4th 571, 575 (8th Cir. 2022), and its interpretation of a statute, *A.M.L. ex rel. Losie v.*

*United States*, 61 F.4th 561, 563 (8th Cir. 2023).[1]  "When a statute is unambiguous, interpretation both begins and ends with the text."  *United States ex rel. Cairns v. D.S. Med. LLC*, 42 F.4th 828, 834 (8th Cir. 2022).

Section 31105(a)(1)(A)(i) prohibits employers from retaliating against employees for reporting violations of federal surface-transportation-safety regulations.  Employees alleging such retaliation may file a complaint with the Secretary of Labor.  § 31105(b).  Parties can seek review from the court of appeals after the Secretary has issued a final order.  § 31105(d).  But

> if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action . . . in the appropriate district court of the United States, which shall have jurisdiction over such an action . . . .

§ 31105(c).

Wilson argues that the district court misinterpreted § 31105(c) because, in finding that it lacked jurisdiction, it indisputably relied on bad-faith conduct that occurred after May 5 when the 210-day window expired.  We agree.

Section 31105(c) states that an employee can sue in the district court if two conditions are met:  (1) "the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint" and (2) "the delay is not due to the bad faith of the employee."  By including the definite article "the" before "delay," the statute specifies a particular delay:  the Secretary's failure to issue an opinion within the statutory timeframe.  *See Nielsen v. Preap*, 586 U.S. ---, 139 S. Ct. 954, 965

---

[1]To the extent the district court made factual findings by treating CTW's Rule 12(b)(1) motion as a factual challenge, we would review those findings for clear error.  *See Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914-15 (8th Cir. 2015).  However, because we decide this case on a question of law, we need not review any factual findings.

(2019) (noting that the definite article indicates "that a following noun . . . is definite or has been previously specified by context"); *United States v. Wilcox*, 487 F.3d 1163, 1176 (8th Cir. 2007) (interpreting the inclusion of the definite article as specifying something previously mentioned).  Indeed, there is no other delay mentioned in § 31105(c) to which "the delay" could refer.  Thus, so long as the failure to meet the deadline is not caused by the employee's bad faith, jurisdiction will lie in the district court under § 31105(c).

CTW argues that this interpretation should be rejected on policy grounds because it would allow employees to engage in bad faith conduct and still bring their complaint in district court.  But "[p]olicy considerations . . . are impermissible bases for statutory interpretation when, as here, the language of the statute is clear and unambiguous."  *In re Hen House Interstate, Inc.*, 177 F.3d 719, 723 (8th Cir. 1999).

In finding that it lacked jurisdiction, the district court did not find that pre-May 5 conduct alone caused the delay.  Instead, it relied almost exclusively on Wilson's conduct after May 5, 2011.  For example, Wilson's failure to prepare the case for trial and his "heaping personal insults on the ALJ" all occurred in August and September.  Such conduct could not have caused the Secretary's failure to meet the 210-day deadline. CTW argues that we can still affirm because Wilson engaged in bad-faith conduct before May 5.  But because the district court did not specifically find that pre-May 5 conduct alone caused the Secretary to miss the deadline, its order dismissing the case must be vacated.  *See Pullman-Standard v. Swint*, 456 U.S. 273, 291 (1982) ("When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings.").  On remand, the district court must determine whether the Secretary's failure to issue a final order within 210 days was due to Wilson's bad faith conduct.

## III.

For the foregoing reasons, we vacate the district court's dismissal of Wilson's complaint and remand for further proceedings.

_____